Filed 2/10/26  P. v. Conway CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH CHARLES CONWAY,<br><br>    Defendant and Appellant. | D085409<br><br><br>(Super. Ct. No. SCE425196) |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In November 2024, a jury found Kenneth Charles Conway guilty of one count of attempted criminal threats (Pen. Code, §§ 664, 442; count 1)[1] with an allegation that he personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) and one misdemeanor count of brandishing a weapon (§ 417, subd. (a)(1)).  For the felony, the court placed Conway on probation for two years and imposed but stayed 365 days of custody pending successful completion of a residential treatment program. For the misdemeanor, the court placed Conway on summary probation for one year, to run concurrently with the felony count.  Conway appealed.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende.*  We offered Conway the opportunity to file his own brief on appeal, but he has not responded.

FACTUAL BACKGROUND

Benjamin S., who worked as a repossession agent for financial institutions, received information about the location of a BMW that needed repossession.  He went to the location in the early morning of April 12, 2024, and saw the vehicle parked next to a dumpster.  Benjamin S. verified the license plate, turned his tow truck around, and backed into the driveway.

As he backed into the driveway, he saw a man approaching him from across the street.  The man opened his leather vest, pulled out a hatchet, and yelled that it wasn't "going to happen today."  Benjamin S. closed the truck door as the man approached because the man appeared aggravated and possibly under the influence as he wielded the hatchet and yelled expletives.

---

[1] Undesignated statutory references are to the Penal Code.

The man said he had a gun and he was going to shoot Benjamin S. He threatened to break the windows and drag Benjamin S. from the truck. The man came within arm's distance from the driver's side of the truck before moving behind the truck where he started to knock things over.

Benjamin S. was concerned about what the man would do with the hatchet. He was concerned the man might act on his threats and seriously injure him. Benjamin S., a combat veteran, said fear is a relative term. Even though he felt the man was threatening his life and he was concerned the man could hurt him, Benjamin S. said he was not personally afraid given his life experiences.

Benjamin S. tried to deescalate the situation by asking the man to put down the hatchet and to come out from the shadows. After several minutes, Benjamin S. called 911 because he felt threatened with the hatchet and he could not see what the man was doing in the shadows. They were on a dark road and the man had a cell phone, which made Benjamin S. think the man could call some buddies. Benjamin S. thought there was a high potential the situation would turn out badly.

Benjamin S. told the 911 dispatcher the man was swinging the hatchet, threatening to shoot him, and saying he had "nothing left to lose." He said the man threatened him with the hatchet by swinging it at his window. The man appeared drunk. When another individual came out to the truck, the first man tried to hide in the blind spot outside of the spotlights on the back of the truck.

Benjamin S. could not confirm at trial that Conway was the man who approached him with the hatchet. But he confirmed that the responding deputies contacted the correct person when they arrived at the scene. Two

3

responding deputy sheriffs identified Conway as the man they detained who fit the description of the man with the hatchet.

Conway admitted he placed the hatchet on top of a trash can behind the tow truck. A deputy located an axe with an orange handle on a trash can by the BMW.

## DISCUSSION

As we have noted, appellate counsel filed a *Wende* brief and asked the court to review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Is there sufficient evidence of attempted criminal threats?

2. Is there sufficient evidence of appellant's identification?

3. Did the trial court abuse its discretion by excluding evidence of Benjamin S.'s prior infraction as impeachment?

4. Was trial counsel ineffective for failing to request CALCRIM No. 3426 as a defense to the required specific intent for attempted criminal threats given Benjamin S.'s testimony that appellant was "probably drunk off his butt"?

We have reviewed the entire record as required by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Conway on this appeal.

4

## DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

DATO, J.

KELETY, J.